UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY PITTMAN (#110215)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 10-654-BAJ-DLD

## NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Signed in Baton Rouge, Louisiana, on October 4, 2010.

                                          _____
                                          **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLY PITTMAN (#110215)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 10-654-BAJ-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Trempest Butler and Courtney Washington.  Plaintiff alleged that he was denied due process at a disciplinary board hearing and on appeal in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112

S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on October 6, 2009, he was found guilty of a disciplinary infraction. Plaintiff alleged that he appealed the decision of the disciplinary board to Warden Cain who remanded the matter back to the disciplinary board for rehearing. Plaintiff alleged that on November 16, 2009, Washington and Butler conducted the rehearing and once again found the plaintiff guilty of the disciplinary infraction even though there was insufficient evidence to support the disciplinary conviction. Plaintiff alleged that he was sentenced to extended lockdown.

Plaintiff alleged that he once again appealed the decision of the disciplinary board to Warden Cain. Plaintiff alleged that his appeal was returned because it was too long and he was instructed to summarize the appeal and resubmit it within five days. Plaintiff alleged that although he resubmitted the appeal within five days, Warden Cain denied the appeal on grounds that it was not submitted timely. Plaintiff

alleged that Warden Cain later amended his response but nonetheless determined that the appeal was untimely. Plaintiff alleged that he appealed the matter to Secretary LeBlanc who affirmed Warden Cain's decision.

In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court noted that in some rare situations, an inmate is entitled to Due Process because the State action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force.[1] Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). It is those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222-23, 125 S.Ct. 2384, 2394 (2005). Thus, while *Sandin* made it clear that punishments which impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. Thus, the plaintiff's sentence to extended lockdown did not infringe upon a constitutionally protected

---

[1] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on October 4, 2010.

_____<br>**MAGISTRATE JUDGE DOCIA L. DALBY**